IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| WYLING LANSING CAMBRIUM, | Case No. 1:23-cv-01400-CL |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| CSL PLASMA and JOHN AND JANE DOES, | |
| Defendants. | |

CLARKE, Magistrate Judge.

Plaintiff Wyling Lansing Cambrium, a self-represented litigant, seeks to proceed *in forma pauperis* ("IFP") in this action against CSL Plasma and unnamed defendants. For the reasons below, this action is dismissed without prejudice and with leave to file a First Amended Complaint within thirty (30) days. Plaintiff's IFP application (#2) other motions (#3, #4), will be held in abeyance and reconsidered with the First Amended Complaint, if one is filed.

## DISCUSSION

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1).

Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Here, the Court has reviewed Plaintiff's IFP paperwork and finds he is unable to pay the costs and fees associated with the filing; thus meeting the first determination. However, as currently pled, the Court lacks subject matter jurisdiction over the matter and the claim is likely barred by the statute of limitations. The second determination is therefore not met.

Plaintiff's Complaint (#1) purports to bring a variety of claims including 1) Medical Malpractice, 2) "Civil Rights Freedom of Speech and Press" 3) "Bribing a judge" and "Bribe giving," 4) Computer hacking, 5) Conspiracy, and 6) Obstructing Justice. *See* Complt Ex 1 Att. B (#1-1). However, the only factual allegations contained in the Complaint or any of the attachments and exhibits to the Complaint, pertain to an incident wherein Plaintiff alleges that a phlebotomist at CSL Plasma negligently "set the apheresis machine to overdraw plasma." Complt Ex 1 Att. C. Plaintiff claims that as a result of this negligence he experienced discomfort, including intense sweating and hot flashes for nearly a month, and he claims that overdraw also caused him to become diabetic. Plaintiff alleges that this incident took place on August 21, 2021, at the Defendant's Medford, Oregon clinic.

First, the Court does not have subject matter jurisdiction over this case. "Federal courts are courts of limited jurisdiction." *Assoc. of Am. Med. Colleges v. United States*, 217 F.3d 770, 778–779 (9th Cir.2000) (citation omitted). Courts presume that a case "lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* Congress has divided a district court's subject matter jurisdiction under Article III into three categories: (1) federal question jurisdiction — those cases arising under the

Constitution, laws, or treaties of the United States, pursuant to 28 U.S.C. § 1331 ("Section 1331"); (2) diversity jurisdiction — cases involving citizens of diverse states, pursuant to 28 U.S.C. § 1332 ("Section 1332"); and (3) cases of admiralty law under 28 U.S.C. § 1333.

The presence or absence of federal question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiffs properly pleaded complaint." *Caterpillar v. Williams*, 482 U.S. 386, 392 (1987). Alternatively, whether diversity jurisdiction exists is dependent on the following requirements: (1) the amount in controversy must exceed $75,000, exclusive of interests and costs, and (2) there must be complete diversity of citizenship among the parties. 28 U.S.C. § 1332(a). More simply, if any defendant is a citizen of the same state as the plaintiff, diversity is destroyed and the court lacks jurisdiction unless a federal question applies. *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001).

As discussed above, the only well-pleaded claim is for medical malpractice, which is governed by state law – Oregon law in this case. While Plaintiff lists other claims, such as constitutional civil rights claims, which would only apply to state actors, not private individuals or businesses, and certain federal statutes, he has not pled any factual allegations that state a plausible claim for relief as to such claims. Additionally, several of the statutes Plaintiff references are federal criminal laws. Federal criminal statutes "do not generally create a private right of action in a plaintiff" or provide a basis for civil liability. *Schulstrom v. Schulstrom*, No. 3:14–CV–00791–SI, 2014 WL 3479018, at *3 (D. Or. July 11, 2014); *see also, e.g., Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir.1980) (stating criminal statutes such as 18 U.S.C. §§ 241, 242 provide no private cause of action nor basis for civil liability). Therefore, federal question jurisdiction does not exist.

As to diversity jurisdiction, Plaintiff states that he resides in Wolf Creek, Oregon, and he alleges that CSL Plasma is a business operating in Medford, Oregon. Plaintiff does not allege that CSL Plasma has a principal place of business or a headquarters in any other state or jurisdiction. Therefore, complete diversity of the parties has not been alleged, and diversity jurisdiction does not exist in this case. Lacking subject matter jurisdiction, the Complaint should be dismissed in its entirety. *See Ouma v. Asher*, No. 3:18-CV-00888-AC, 2019 WL 2529556, at *4 (D. Or. May 30, 2019), report and recommendation adopted sub nom. *Ouma v. Tyler*, 2019 WL 2526186 (D. Or. June 19, 2019).

Second, Plaintiff's medical malpractice claim is likely barred by the statute of limitations. Actions for claims for medical negligence must generally be commenced within two years. ORS 12.110(4). Here, the incident took place on August 21, 2021, and Plaintiff filed his Complaint on September 26, 2023. Plaintiff acknowledges this discrepancy, and he explains that he "wasn't positively diagnosed as diabetic until 9/27/21 and was in denial, a mental fog with little energy because of his elevated blood sugar levels." Complt Ex 1 Att. C. However, based on the allegations in the Complaint, Plaintiff knew immediately that something was wrong with the plasma procedure, and he claims that the more experienced phlebotomist told him directly that the other person had "set the machine to draw the amount of plasma for a heavier person," and that was the reason Plaintiff experienced certain symptoms in reaction. Complt. Ex 2. Thus, while Plaintiff may have been unaware of the extent of his damages, Plaintiff "discovered" the alleged tortious conduct immediately at the time of the incident. *See Frohs v. Greene*, 253 Or. 1, 4, 452 P.2d 564, 565 (1969) (discovery rule affords opportunity for plaintiff to discover that claim exists).

Page 4 – OPINION and ORDER

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefits of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (citation omitted). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

For the reasons above, it is unlikely that the deficiencies of Plaintiff's Complaint can be cured by amendment. In an abundance of caution, the Complaint is dismissed without prejudice, and with leave to file a First Amended Complaint within thirty (30) days. If Plaintiff decides to file a First Amended Complaint, he should heed the information above, and attempt to clarify and explicitly state whether the Court has subject matter jurisdiction by either indicating that he intends to bring a claim under applicable federal law that allows for a private cause of action or indicating that diversity of citizenship exists between the parties. He should also state any other facts to support his assertion that his action is timely filed.

## ORDER

Plaintiff's Complaint is dismissed without prejudice and with leave to file an Amended Complaint within thirty (30) days. If Plaintiff fails to file an Amended Complaint, or fails to cure the deficiencies identified above, the case will be terminated. Plaintiff's IFP application and other motions will be held in abeyance and reconsidered along with the Amended Complaint, if any.

DATED this 27 day of September, 2023.

MARK D. CLARKE
United States Magistrate Judge